LEIGH M. CLARK, Retired Circuit Judge.
This case had its origin in the Circuit Court of Montgomery County, where appellant on August 9, 1984, filed with the Clerk of said Court a pro se petition for writ of habeas corpus in which he alleged that he was then unconstitutionally detained and imprisoned at G.K. Fountain Correctional Facility by J.O. Davis, Warden, by virtue of a judgment and sentence of twenty years pronounced in the Circuit Court of Montgomery County for his conviction on a plea of guilty of “Sodomy II and Rape II.” The petition alleged that the “guilty plea was the result of systematic coercion” and that petitioner “was without effective assistance of counsel coerced into pleading guilty.” The petition was accompanied by appellant’s pro se brief and a motion for the appointment of counsel for him by reason of his indigency. On August 2, 1984, an order was rendered by a circuit judge of the Montgomery County Circuit Court as follows:
“The court having read and considered the Petition for Writ of Habeas Corpus and noting from the face of the Petition that the petitioner is confined in state prison at G.K. Fountain Correctional Facility which is located in Escambia County, Alabama, it is ORDERED that this case be transferred to the Circuit Court of Escambia County, Alabama. Ala. Code § 15-21-6(b).”
Ala.Code (1975), § 15-21-6(b), provides as to a petition for habeas corpus:
“When the person is confined in the penitentiary or under a sentence judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.”
Soon after the case had been transferred to the Escambia County Circuit Court, the district attorney of the Twenty-first Judicial Circuit of Alabama filed a motion to dismiss the petition in which it was alleged that the relief sought for in the petition was not obtainable “by way of petition for *1197 Habeas Corpus, but instead the common law Writ of Error Coram Nobis.”
On September 24, 1984, the judge of the Circuit Court of Escambia County rendered a judgment in which the habeas corpus petition was denied and dismissed on motion of the State.
The Escambia County Public Defender has filed a brief in support of appellant’s appeal, in which he argues “that the rulings of the court were in error and prays the petition be remanded to the Circuit Court of Escambia County, Alabama for an Evidentiary Hearing.”
In the brief of counsel for appellee, the position is taken that relief is not affordable “in a state habeas corpus petition” for alleged ineffective assistance of counsel, but that it is affordable via a petition for writ of error coram nobis.
In the brief of counsel for appellant, the Escambia County Public Defender, a correct analysis is made of the petition for habeas corpus by the following statement:
“Appellant alleged that he is innocent of the crimes for which he was charged and to which he pled guilty. He further alleges that the guilty plea was the result of systematic coercion constituting ineffective counsel.”
The attorney concludes his brief by stating that he “submits that the rulings of the court were in error and prays the petition be remanded to the Circuit Court of Escam-bia County, Alabama for an Evidentiary Hearing.” Even if the trial court from which this appeal is taken should be of the opinion that the petition could be so amended as to be in the nature of a petition for error coram nobis, such petition would not be within the jurisdiction of the trial court from which this appeal was taken but only within the jurisdiction of the circuit court in which the judgment of conviction and sentence was rendered. The judgment from which the appeal was taken in the instant case should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED,
^yj ju(jges concur,